UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **LOIS OUZTS**<br>            **Plaintiff** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE DRELL** |
| **LEEBO'S STORES, INC.**<br>            **Defendant** | **MAGISTRATE JUDGE PEREZ-MONTES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# COMPLAINT

The complaint of **LOIS OUZTS**, a citizen and resident of the Parish of Rapides, State of Louisiana, respectfully represents that:

I.

Made defendant herein is **LEEBO'S STORES, INC.** (hereinafter referred to as "Leebo's"), a Louisiana corporation domiciled in the Parish of Rapides, State of Louisiana and whose registered agent for service of process is John Lance Harris, 4824 Porter Circle, Alexandria, Louisiana, 71303.

II.

This is a civil action pursuant to the Equal Pay Act of 1963, 29 U.S.C. §206(d) to redress unlawful wage discrimination on the basis of sex. This Court has jurisdiction under the provisions of §216(b) of the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) of which the Equal Pay Act is a part hereof and 28 U.S.C. §1337.

III.

The venue of this action is properly placed in the Western District of Louisiana pursuant to 28 U.S.C. §1391 because the facts that give rise to plaintiff's claim occurred in this district.

IV.

At all times pertinent herein, plaintiff was a female employee of defendant Leebo's Stores, Inc. from July of 2003 until July 10, 2015. Plaintiff was initially hired as a Cashier. In February of 2004, she became a Store Manager. In 2007, she became a Supervisor.

V.

On or about November 21, 2011, plaintiff was promoted to Director of Operations over Leebo's stores (10) at a salary of $1,000.00/wk.

VI.

Several months later, plaintiff was provided health insurance by defendant as part of her "pay package."

VII.

In addition, as part of plaintiff's "pay package," she was promised a yearly bonus based on the company's economic performance in 2012 and each year thereafter. Plaintiff was never paid a bonus during her employment with defendant.

VIII.

In mid-September of 2014, plaintiff's job duties increased due to the attrition and the resignations of several of defendant's employees. At that time, plaintiff's salary was increased to $1,500.00/wk. Plaintiff was subsequently placed on unpaid medical leave for six (6) weeks due to illness in May of 2015 and resigned from her employment with defendant on July 10, 2015.

IX.

Plaintiff shows that her job predecessor, Dwayne Falks, a male employee, had been employed by defendant for a position with similar duties as plaintiff and was paid $3,000.00/wk. with medical

insurance from the date of hire and four (4) weeks paid vacation. Falks' title while employed by defendant was Chief Operations Officer. He resigned from his employment with defendant in March of 2010.

X.

From November of 2011, plaintiff assumed all the duties that Falks had previously performed for defendant until her employment with defendant terminated.

XI.

As a result of the above described wage disparities between plaintiff and her predecessor which existed during plaintiff's employment, she was denied equal pay for equal work because of her sex and in violation of the Equal Pay Act as amended, 29 U.S.C. §206(d).

XII.

As a result of the unlawful discriminatory actions described of herein, plaintiff has suffered damages in the following areas for which she is entitled to recover from defendant:

    a) Plaintiff is entitled to an award of unpaid back wages which consists of the difference between the wages plaintiff received and the wages her predecessor received for a similar period of time.

    b) Plaintiff is also entitled to receive an equal amount as liquidated damages because of defendant's willful violations of the statute.

    c) Plaintiff seeks reasonable attorney fees and costs of this suit.

XIII.

Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff prays that:

    1. Judgment be rendered against the defendant and prays that this Court award plaintiff back wages, statutory liquidated damages and such other monetary

        award as may be deemed appropriate in amounts to be determined at trial, but in no event less than $250,000.00;

2. That plaintiff seeks to recover from defendant pre-judgment interest on any amount awarded to the maximum extent permitted by law;

3. That plaintiff recover from defendant her costs, including reasonable attorney fees;

4. That a trial by jury be held; and

5. That this Court award such other further relief as may be provided by law and be just and equitable.

        Respectfully submitted:

        **BROUSSARD, HALCOMB & VIZZIER**

        By:___s/Daniel E. Broussard, Jr._____
        **DANIEL E. BROUSSARD, JR. (#3510)**
        P.O. Box 1311
        429 Murray St., 3rd Fl.
        Alexandria, Louisiana 71309
        (318) 487-4589

        **ATTORNEYS FOR PLAINTIFF**